## INTERNATIONAL & GREAT NORTHERN RAILROAD COMPANY v. LUCY MILLER ET AL.

### No. 648.

1. ·Railway Company—Ejection of Passenger—Excessive Force.—Where a passenger, who had been requested by the conductor to assist him in removing another passenger from the car, uses unnecessary force and violence, the company is responsible for the injuries proximately resulting therefrom.

2. Same—Ratification.—Ratification by the railway company of the willful acts of violence of the conductor and a passenger in removing another passenger from the car, will render it liable for exemplary as well as actual damages.

3. New Trial—Absence of Counsel.—The discretion of the court in refusing a new trial on account of the absence of defendant's counsel, then attending another court, will not be revised if there was negligence on defendant's part in failing to have other counsel present at the trial.

4. Practice Below—Order of Cases—Setting the Docket.—That a case was heard in the order fixed by the bar, instead of the order in which it stood on the docket, is not material error where the setting of the cases by the bar was adopted by the court, and it is not shown that the case, which was tried in the absence of appellant's counsel, was heard at an earlier date than it otherwise would have been.

APPEAL from Brazoria. Tried below before Hon. T. S. REESE.

*Robert G. Street*, for appellant.—1. Upon the showing made as to the unavoidable absence of counsel, and of a meritorious defense, the court below should have granted a new trial. Dowell v. Winters, 20 Texas, 797; Cowan v. Williams, 49 Texas, 396; Truehart v. Simpson, 24 S. W. Rep., 842; Graham & W. on New Trials, 161.

2. The court erred in its charge to the jury in instructing that the defendant company was liable for any excessive violence or malicious acts inflicted by a passenger on the plaintiff, Lucy Miller, though such passenger was called upon by the conductor to render lawful assistance

only in ejecting a negro passenger from the car or compartment thereof set aside to whites, into which she had illegally intruded herself. Mays v. Railway, 46 Texas, 272; Railway v. Donohoe, 56 Texas, 467; Dillingham v Russell, 73 Texas, 47; Railway v. McDonald, 75 Texas, 43.

*Duff & Sproles,* for appellee.—1. A new trial should not be granted when the failure to have the case properly presented resulted from the negligence or mistake of counsel. Vardeman v. Edwards, 21 Texas, 737; Plummer v. Wilson, 29 Texas, 15; 1 W. & W. C. C., sec. 724; McGloin v. McGloin, 70 Texas, 635; 10 Am. St. Rep., 339.

2. A railroad company is liable in damages caused by excessive violence upon a passenger, inflicted by another passenger when aided by the conductor and done at the request of the conductor, in removing the passenger from the white to the negro compartment. Railway v. Martino, 18 S. W. Rep., 1069; Railway v. McKee, 71 Texas, 498.

PLEASANTS, Associate Justice.—This is an appeal from a judgment rendered for appellees, against appellant, by the District Court of Brazoria County. At the trial of the cause, the defendant (appellant) was not represented by counsel, whose presence at the trial was prevented by professional engagements in another court—the District Court of Harris County. There is no statement of the facts put in evidence by the plaintiff.

The plaintiff, Lucy Miller, is a negress, and the suit was for recovery of damages for personal injuries sustained by her, as alleged, through the excessive violence used by the conductor of defendant's train, and a passenger thereon, called to his assistance by the conductor, in removing plaintiff from the car set apart for and occupied by passengers of the white race, and placing her in the car set apart for negroes. The defendant filed a general demurrer and general answer. The trial was had on the 4th day of January, 1894, and resulted in a verdict and judgment for plaintiff for $200 actual damages, and $300 exemplary damages. A motion for a new trial was made on the 6th of January, which being overruled by the court, the defendant appealed, and assigns the following errors:

"1. Error of the court in overruling defendant's motion for a new trial, because it appears that the defendant's counsel was unavoidably absent, and was prevented from being in attendance on the court on the day when the judgment was rendered, and because owing to the shortness of time, distance, and inconvenience in the means of travel and communication, it was not possible, after it was known to counsel that he would not be able to attend the court on the day fixed for trial, to instruct other counsel in such time as to give reasonable opportunity for preparation and presentation of the grounds of defense; and because ample showing was made in support of said motion of meritorious ground of defense.

"2. Error of the court in overruling defendant's motion for a new trial, because said cause was not tried in the order in which it stood on the docket, nor at any time fixed by consent of the defendant's counsel, or by any order of the court, but the same was tried and disposed of in the absence of the defendant's counsel upon a day for which the same had been fixed by the local bar of Brazoria County, or some committee thereof, on a day prior to the convening of the court.

"3. Error of the court in overruling defendant's demurrer.

"4. The court erred in its charge to the jury in instructing that the defendant company was liable for any excessive violence or malicious acts inflicted by a passenger on the plaintiff, Lucy Miller, though such passenger was called upon by the conductor to render lawful assistance only in ejecting a negro passenger from the car or compartment thereof set aside to whites, into which she had illegally intruded herself.

"5. Because the verdict for actual damages is excessive and unsupported by the evidence.

"6. Because the verdict as to exemplary damages is unsupported by the evidence.

"7. Other errors as of record are manifest."

In the absence of a statement of facts, we can not say that the court erred in the charge complained of in the fourth assignment.

The petition charges, that the passenger who was guilty of the alleged excessive force and violence in ejecting her from the car for the whites and removing her to that for the negroes, was aided and abetted by the conductor. If the passenger did use excessive and unnecessary force in removing the plaintiff, and such force was the proximate cause of the injuries complained of, and the passenger was aided and abetted in the use of such force by the conductor, the company would be liable for any injury inflicted upon the plaintiff by such excessive and unnecessary force.

Railway companies are under obligations to protect their passengers from the violence of fellow-passengers as far as it can be done by the exercise of a high degree of care. Dillingham v. Russell, 73 Texas, 47, and cases therein cited. The petition further charges, that the company ratified the acts of violence charged against the conductor and the passenger who assisted him in removing the plaintiff from the car for the whites and placing her in the negro car. If this were true, and the act of the conductor in removing the plaintiff was accomplished by willful and unnecessary violence, the case is one in which the master is liable for exemplary damages, and in the absence of a statement of the facts, we can not determine that the charge of the court authorizing the recovery of exemplary damages against the defendant is erroneous; neither can we determine whether or not the verdict is excessive.

Under the first assignment of error, appellant's counsel submits the following proposition: "When counsel employed in a case, after the exercise of due diligence, only discovers on the eve of trial that he

will not be able to be present on the particular day when the case is expected to be tried, due diligence does not require that other counsel shall be employed when it is already probably too late to properly instruct new counsel; and in such case, the offer of counsel thus unavoidably detained, to agree to any subsequent day of the term, or to allow continuance to be charged to his side of the case, is a reasonable one, and if, under such circumstances, judgment is taken in the absence of counsel, on motion duly filed, accompanied by affidavits showing such diligence, and also a meritorious defense to the action, a new trial should be granted.''

This proposition may be conceded to be correct, and yet we can not say, under the facts as they are stated in the briefs of counsel, that appellant is without fault in not being represented by counsel at the trial of the cause. Some days prior to the 29th of December, exactly how long before can not be ascertained from the statement of counsel, but not less than eight or ten days, according to the statement of appellee's counsel, counsel for appellant applied for a continuance of the cause by agreement; assigning as the ground for the request, the same upon which other counsel for appellant had obtained a continuance by agreement at the previous term of the court, to wit, professional engagements in the District Court of Harris County, which would probably prevent his attendance in the Brazoria court in time for the trial, and this request counsel for appellee refused, and promptly notified counsel for defendant of their refusal. Counsel then knew a week or more before the trial that the cause would not be continued, and he knew also that it was probable that he could not be present on the day set for the trial. Under these circumstances we are not prepared to say that the court erred in refusing a new trial. It is true, that the motion for a new trial was filed within two days after the judgment was rendered, and the motion set out a good and substantial defense, and it declared that defendant was ready to try the cause at that term of the court, should a new trial be granted. Yet this court can not say that the trial court abused its discretion in refusing to grant the new trial.

The second assignment assumes that the appellant was not bound by the action of the bar of Brazoria in setting the cases on the docket for trial, and that the court erred in not trying the cause in the order in which it stood on the docket. Inasmuch as the appellant has not shown that the case was tried at an earlier date than it would have been had the cases not been set down for trial, we are not called upon to decide the questions presented in this assignment. The judgment is affirmed.

*Affirmed.*

Delivered October 11, 1894.

Writ of error denied.

This case did not reach the Reporter with others of its date.